ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

No. 4:23-CR-076-O

MONTRAY LORENZO CATO (01)

**PLEA AGREEMENT WITH WAIVER OF APPEAL**

Montray Lorenzo Cato ("Defendant"); Rachel M. Taft, Defendant's attorney; and the United States of America ("Government"), agree as follows:

1. **Rights of Defendant**: Defendant understands that Defendant has the right

   a. to plead not guilty;
   b. to have a trial by jury;
   c. to have Defendant's guilt proven beyond a reasonable doubt;
   d. to confront and cross-examine witnesses and to call witnesses in Defendant's defense; and
   e. against compelled self-incrimination.

2. **Waiver of Rights and Plea of Guilty**: Defendant waives these rights and agrees to plead guilty to the offense charged in the Information, alleging Bank Robbery in violation of 18 U.S.C. § 2113(a). Defendant understands the nature and elements of the crimes to which Defendant is pleading guilty and agrees that the factual resume Defendant has signed is true and will be submitted as evidence. Additionally, under USSG §1B1.2(c), the parties stipulate that Defendant committed two additional bank-robbery offenses in violation of 18 U.S.C. § 2113(a). Defendant admits that he robbed the First Convenience Bank, a federally insured bank located in Arlington, Texas, on or

Plea Agreement–Page 1

about January 3, 2023; and the First Convenience Bank, a federally insured bank located in Fort Worth, Texas, on or about November 1, 2022. On both of those occasions, Defendant admits he used intimidation to convince the bank teller to provide him with the bank's money from the teller drawer.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed 20 years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a supervised-release term of not more than three (3) years, which would follow any term of imprisonment. If the defendant violates any supervised-release condition, the Court may revoke Defendant's supervised release and require Defendant serve an additional period of imprisonment;

   d. a $100 mandatory special assessment; and

   e. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant or uncharged misconduct.

4. **Immigration consequences**: If Defendant is not a citizen of the United States, Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status. Under federal law, a broad range of crimes are removable offenses. Defendant understands this may include the offense to which Defendant is pleading guilty, and for purposes of this plea agreement, Defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the district court, can predict to a certainty the effect of

**Plea Agreement–Page 2**

Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea of guilty may entail, even if the consequence is Defendant's automatic removal from the United States

5. **Court's Sentencing Discretion and Role of the Guidelines**: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court but are advisory only. Defendant has reviewed the guidelines with Defendant's attorney but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant will not be allowed to withdraw Defendant's plea if Defendant's sentence is higher than expected. Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the Court's discretion.

6. **Mandatory special assessment**: Defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

7. **Restitution**: Pursuant to 18 U.S.C. §3663(a)(1)(A), Defendant agrees to pay restitution for losses resulting from all of Defendant's criminal conduct, including relevant conduct and other uncharged criminal conduct related or similar to Defendant's offense of conviction, including the bank robberies Defendant stipulates he committed under USSG § 1B1.2(c), and understands that restitution will not be limited to losses

stemming from the offense of conviction alone. Defendant agrees to be jointly and severally liable for payment of all restitution. Defendant agrees to cooperate fully in the identification of assets to be applied toward restitution. Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addendums to said form deemed necessary by the government, within ten days of the guilty plea hearing; (B) submitting to a financial deposition or interview (should the government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within Defendant's possession or control requested by the government regarding Defendant's financial condition; and (D) fully and truthfully answering all questions regarding Defendant's past and present financial condition in such interview(s).

8. **Defendant's Agreement**: Defendant agrees that the two additional bank robberies Defendant stipulates he committed under USSG § 1B1.2(c) may be used in calculating his guideline range and in ordering restitution. Upon demand, Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding Defendant's capacity to satisfy any fines or restitution. Defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate Defendant's ability to satisfy any financial obligation imposed by the Court. Defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event

Plea Agreement–Page 4

the Court imposes a schedule for payment of restitution, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately enforceable financial obligation. Defendant understands that Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

9. **Government's Agreement**: The Government will not bring any additional charges against Defendant based upon the conduct underlying and related to the Defendant's plea of guilty. After sentence is imposed, the government will dismiss any remaining charges against this Defendant. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

10. **Violation of Agreement**: Defendant understands that if Defendant violates any provision of this agreement, or if Defendant's guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant also waives objection to the use against Defendant of any information or statements Defendant has provided to the Government, and any resulting leads.

**Plea Agreement–Page 5**

11. **Voluntary Plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Waiver of right to appeal or otherwise challenge sentence**: Defendant waives Defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. Defendant further waives Defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of Defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13. **Representation of Counsel**: Defendant has thoroughly reviewed all legal and factual aspects of this case with Defendant's attorney and is fully satisfied with that attorney's legal representation. Defendant has received from Defendant's attorney explanations satisfactory to Defendant concerning each paragraph of this plea agreement, each of Defendant's rights affected by this agreement, and the alternatives available to Defendant other than entering into this agreement. Because Defendant concedes that Defendant is guilty, and after conferring with Defendant's attorney, Defendant has

concluded that it is in Defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of Agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 24th day of March, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

for

FRANK L. GATTO
Assistant United States Attorney
Texas State Bar No. 24062396
801 Cherry Street, #4
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile: 817-252-5455

ALEX LEWIS
Deputy Criminal Chief

Plea Agreement–Page 7

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     _____3-21-23_____
MONTRAY LORENZO CATO                 Date
Defendant

I am Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     _____3/21/23_____
RACHEL M. TAFT                       Date
Attorney for Defendant